---

(29 Misc. Rep. 90.)

### In re GERLACH'S ESTATE.

(Surrogate's Court, New York County. September, 1899.)

EXECUTORS AND ADMINISTRATORS—REVOCATION OF LETTERS—EVIDENCE.
   On an application to revoke letters of administration, granted to respondent as widow of deceased, because she was not his widow, the introduction by petitioners of a decree of divorce from a former husband prohibiting her remarriage in the state, is prima facie sufficient to put respondent on proof of a ceremonial or nonceremonial marriage between decedent and herself.

Application to revoke letters of administration granted to respondent as widow of John Thomas Gerlach, deceased. By decree the application was placed on the issue of fact calendar for the hearing of further testimony.

John Vernon Bouvier, Jr., for petitioners.
Hennessey & Glynn, for respondent.

FITZGERALD, S. This is an application to revoke letters of administration granted to the respondent, and for the issuance of letters to the petitioners. The petitioners are the brothers of decedent, and reside in the state of Ohio. The decedent died in the city of New York in August, 1897, intestate, and the petitioners are his next of kin. They urge that he was not married at the time of his death. The sole asset consists of a claim for damages on account of death of decedent resulting from injuries sustained. The respondent was married to one Smith in November, 1875. Her husband procured a divorce from her upon the ground of adultery, the decree

therein containing a prohibition against her remarriage within this state, and it is alleged that the respondent is not the widow of the deceased. Her incapacity to act as administrator is also alleged, but on the hearing before the referee no proof was introduced to sustain this allegation. The respondent admits the divorce in her answer, but alleges that at the city of Philadelphia, in the state of Pennsylvania, on the 13th of July, 1892, she was married to the decedent, and lived with him thereafter in the states of Pennsylvania, New Jersey, and New York. The matter was submitted to Judge Arnold on the petition and answer and the affidavits supporting the same. He handed down a memorandum (N. Y. Law J., Nov. 11, 1898; Sur. Dec.), in which he said:

"The respondent files an answer in which she claims that she is such widow, but she does not state that there was any ceremonial marriage between herself and the decedent, which it is fair to assume she would have done, in view of the allegations in the petition, if such ceremony had taken place. If she relies upon an alleged common-law contract of marriage and the recognition of marital relations thereunder, she must establish the same by proper proof, and the petitioners are entitled to have such proof made, and to controvert the same if they are able to do so. This may involve the taking of considerable testimony, and, I think, it is a proper case for a reference to take such proofs, to be reported to the court with the referee's opinion, and such reference is ordered."

On the hearing before the referee the petitioners introduced in evidence the decree of divorce referred to, containing the prohibition against the respondent remarrying in this state. The plaintiff in that action was produced, and it was established by his evidence that he has not married again. With this testimony the case was closed, and counsel for the respondent claim that the petitioners "have failed to show any ground on which the letters heretofore granted should be revoked, or for obtaining any relief for which they prayed in this proceeding, and we are willing to submit the case as it stands." It will be observed that they have failed to carry out the suggestion of Judge Arnold to introduce affirmatively the evidence to support the claim of the ceremonial marriage or a nonceremonial marriage, or to indicate in any manner upon which they rely. The referee, at the end of his report, states that:

"After the case was closed, and on the argument, counsel for the respondent requested that, should the referee decide the position taken by her to be incorrect, the case may be reopened, and she be permitted to offer her proofs, if so advised; but, doubting if my authority extended so far, I have deemed it best not to pass upon such request, but to refer it to the consideration of the court."

The referee, in an elaborate opinion, holds that the petitioners had made out a prima facie case sufficient to put the respondent upon her proof, and that, in the absence of such proof, the ground alleged for her removal must be regarded as established; and that upon the case submitted the petitioners had shown themselves entitled to the relief prayed for. In this conclusion I concur, and deem the case of Stanley v. Stanley, 4 Dem. Sur. 416, sufficient authority. In that case two persons each asserted herself to be the widow of the intestate. One of them procured the issuance to herself of letters of administra-

tion. Thereafter the other applied for the revocation of such letters. It was held that in the proceeding for revocation they both occupied the same position before the court with reference to the method of establishing their respective claims to the status of widowhood as if application had been made simultaneously for letters. Surrogate Rollins, in the course of his opinion, wrote as follows:

"The fact that the respondent was more diligent than the petitioner in applying for letters of administration, and that letters had been granted pursuant to her application, manifestly does not put upon the petitioner any burden that she would not have been called upon to bear if both parties to this proceeding had simultaneously appeared before me as rival claimants for letters."

The respondent's counsel urges very strongly that, if the surrogate adopts the views of the referee with reference to the burden of proof, he should be accorded an opportunity of introducing such evidence as may be available to sustain the respondent's claim of widowhood. While no formal motion was made to dismiss the proceeding at the close of the testimony, yet I think, in view of the circumstances hereinafter related, the surrogate may deem the application of the counsel for the respondent on the oral argument before the referee as equivalent to such a motion. The claim which constitutes the asset of the estate is against a Mr. Boldt, who is the proprietor or manager of the Waldorf-Astoria. Mr. Hennessey urges that the defendant in the damage suit is really the person to be benefited by the defeat of the widow's claim to letters, for, they argue, if the respondent is not able to sustain her claim as the widow of the decedent, the damages which would be awarded to the next of kin, the brothers, would be very much reduced by reason of the fact that the latter were never aided by any contribution of money by the decedent, whereas in the action by the wife the damages would be based upon the loss of her sole means of support. This claim of the activity of the defendant in the damage suit in the present proceeding is fully sustained, and was practically admitted by the attorney for the defendant in the damage suit who appeared before the referee on the hearing. The respondent is a very poor woman, and is dependent upon her own labor for her support. She is advanced in years, and the expense of a continuation of the reference and the procuring of witnesses to sustain the nonceremonial marriage alleged to have taken place in another state will entail heavy expenditure. I will therefore place the matter upon the issue of fact calendar of the 3d day of October next to fix a day for the hearing of further testimony.

Decreed accordingly.